**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM P. COLLINS,

    Plaintiff-Appellant,

v.

JOHNSON COUNTY, KANSAS;
STATE OF KANSAS; CITY OF
OVERLAND PARK, KANSAS;
CHARLES HARVEY; JUDGE
TAYLOR; MELINDA WHITMAN;
KURT HOOVER; PAUL MORRISON;
JUDGE MCANANY; BRIAN PORCH;
ADRIAN GILBY, individually;
JOHNSON COUNTY DISTRICT
ATTORNEY'S OFFICE,

    Defendants-Appellees.

No. 01-3336
(D. Kan.)
(D.C. No. 01-CV-2227-JWL)

WILLIAM P. COLLINS,

    Plaintiff-Appellant,

v.

JOHNSON COUNTY, KANSAS;
STATE OF KANSAS; S.M. SCHOOL
DISTRICT; KANSAS SUPREME
COURT; CITY OF OLATHE,
KANSAS; OLATHE POLICE
DEPARTMENT, KANSAS; CRISTA
COLLINS; DICK BRYANT; BRIAN
PORCH; JANET SUTTON; JUDGE
RUSSELL; JOHNSON COUNTY

No. 02-3049
(D. Kan.)
(D.C. No. 01-CV-2284-JWL)

DISTRICT ATTORNEY'S OFFICE;
JUDGE HARMON; LINDA VOYLES;
CITY OF OVERLAND PARK,
KANSAS; CAROLYN BARTLETT,
Johnson County Court Services,
Probation Officer; LORI BLAKE,
Johnson County Court Services, Child
Services Officer,

        Defendants-Appellees.

---

WILLIAM P. COLLINS,

        Plaintiff-Appellant,

v.

LARRY MCCLAIN; CRISTA
COLLINS; NEYSA DAY; VANCE
PREMAN; DIANE LUND; BRUCE
BEYES; JOHN GERSTLE; VINCENT
BATES; PAUL MORRISON; GARY
RULON; JERRY ELLIOTT; ROBERT
GERNON; ROBERT LEWIS; JOSEPH
PERRON; HENRY GREEN;
CHRISTEL MARQUARDT; DAVID
KNUDSON; CAROL BEYER; LEE
JOHNSON; RICHARD DAVID;
MARSHALL WHITT; STANLEY
BIER; CHUCK ELLIOTT; LINDA
VOYLES; CITY OF OVERLAND
PARK, KANSAS; OVERLAND
PARK POLICE DEPARTMENT;
JOHNSON COUNTY DISTRICT
ATTORNEY'S OFFICE,

        Defendants-Appellees.

No. 02-3212
(D. Kan.)
(D.C. No. 02-CV-2123-JWL)

WILLIAM P. COLLINS,

       Plaintiff-Appellant,

v.

PAUL MORRISON; CRISTA
COLLINS; NEYSA DAY; VANCE
PREMAN; ERICA FROETSCHNER;
VINCENT BATES; JAMES VANO;
STEVE TATUM; CITY OF
OVERLAND PARK, KANSAS;
OVERLAND PARK POLICE
DEPARTMENT; CHRISTOPHER
REDMOND; JOHNSON COUNTY
DISTRICT ATTORNEY'S OFFICE,

       Defendants-Appellees.

No. 02-3250
(D. Kan.)
(D.C. No. 02-CV-2177-JWL)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate records, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-3-

these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Based on his apparent unhappiness with the outcome and circumstances surrounding his state court domestic proceedings, the Appellant, Mr. William P. Collins, has filed four separate appeals, each arising from the district court's dismissal of the seemingly endless array of pro se filings made by Mr. Collins against various governmental entities and individuals. Mr. Collins now appeals the four district court decisions dismissing his complaints under Fed. R. Civ. P. 12(b)(6). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss, applying the same standard as the district court. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "[A]ll well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Id.* "A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Yousef v. Reno*, 254 F.3d 1214, 1219 (10th Cir. 2001) (quotation marks and citation omitted).

*Case No. 01-3336*:

Appeal number 01-3336 arises from Mr. Collins's 42 U.S.C. § 1983 claims

and various state law claims alleging unlawful arrest, false and malicious prosecution, unethical behavior, and malpractice against numerous entities and individuals, including: Johnson County Kansas; the State of Kansas; the City of Overland Park, Kansas; the Johnson County District Attorney's Office; two state court judges; and various individuals, both public and private. The district court granted defendants' motions to dismiss, finding Mr. Collins lacked standing to bring suit because he had filed for bankruptcy and this action had not been abandoned by the bankruptcy trustee. In the alternative, the district court dismissed this complaint on the basis of judicial, prosecutorial, and Eleventh Amendment immunity, as well as Mr. Collins's failure to state a claim against the remaining individual defendants.

After reviewing the record and applicable law, we find the district court's alternative reasons for dismissal were correct.[1] First, judicial immunity bars Mr. Collins's claims against the state court judges who were acting with jurisdiction. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation marks and citation

---

[1] Because the district court's alternative bases are persuasive and unarguably correct, we see no need to address its ruling that Mr. Collins lacked standing because of his pending bankruptcy.

-5-

omitted).  Second, prosecutorial immunity prohibits Mr. Collins's claim against

the individual district attorneys for alleged false and malicious prosecution and

other similar acts.

> It is well established that prosecutors are absolutely immune from
> suit under section 1983 concerning activities "intimately associated
> with the judicial . . . process," such as initiating and pursuing
> criminal prosecutions. It is also well established that this absolute
> prosecutorial immunity extends to state attorneys and agency
> officials who perform functions analogous to those of a prosecutor in
> initiating and pursuing civil and administrative enforcement
> proceedings.

*Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (quoting

*Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).

Third, Mr. Collins's claims against the State of Kansas and its

instrumentalities or alter egos are clearly within the Eleventh Amendment's bar of

actions for damages "against a state in federal court, even by its own citizens,

unless the state waives that immunity."  *Sturdevant v. Paulsen*, 218 F.3d 1160,

1164 (10th Cir. 2000).  This Eleventh Amendment immunity also applies to

entities created by state governments which operate as alter egos or

instrumentalities of the states.  *Id*.

Finally, Mr. Collins's remaining claims were properly dismissed for failure

to state a claim upon which relief could be granted.  He has failed to show that

the private defendants acted under the color of state law[2] or sufficiently allege the actions of the remaining defendants amounted to a cognizable claim under state or federal law.[3]

*Case No. 02-3049*:

In appeal number 02-3049, Mr. Collins continues to demonstrate his frustration and displeasure with his state domestic proceedings. He has filed claims for slander, kidnaping, defamation, unethical behavior, and fraud against a wide range of defendants, including: Johnson County; the State of Kansas; the school district; the Kansas Supreme Court; two state court judges; the police department; various other entities; and private and public individuals. The district court granted defendants' motions to dismiss based on Mr. Collins's failure to timely respond to defendants' motions to dismiss, his failure to show cause for failing to timely respond to defendant Crista Collins's motion to dismiss, and the lack of personal and subject matter jurisdiction over defendant

---

[2] "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (citing 42 U.S.C. § 1983).

[3] In August 2002, Ms. Cynthia K. Wallace, Esq., made an appearance for Mr. Collins and requested leave to supplement his original brief. Mr. Collins filed his Notice of Appeal in October 2001, and the matter was fully briefed in March 2002. We find that this motion is untimely. We note that Mr. Collins could have retained counsel much earlier in the process, and the motion to supplement states no excuse for his delay in obtaining counsel. Further, we find the district court's decision was correct, and additional briefing would be of little assistance.

Janet Sutton. In this appeal, Mr. Collins merely reiterates his litany of conclusory allegations against these defendants.

After careful review of the record and applicable law, we conclude the district court properly dismissed this case. The district court is not required to continue to manage a case on its docket in which Mr. Collins has made no attempt to comply with the local rules and court order intended to insure orderly progress. The court correctly found further delay would prejudice the defendants. Finally, the district court properly found it lacked jurisdiction over defendant Sutton.

*Case No. 02-3212:*

Appeal number 02-3212 involves Mr. Collins's § 1983 claims against various governmental entities and public and private individuals, including numerous state court judges and prosecutors. The district court granted defendants' motions to dismiss for the same reasons stated in its order dismissing the complaint forming the basis of appeal number 01-3336, namely, that judicial and prosecutorial immunity barred suit, and Mr. Collins failed to state a claim upon which relief could be granted (he failed to allege the private defendants acted under color of state law and failed to allege a violation of a constitutional or federal right). Therefore, we find appeal 02-3212 without merit for substantially the same reasons as stated for appeal number 01-3336.

*Case No. 02-3250*:

Appeal number 02-3250 also comes to us from a dismissal of Mr. Collins's § 1983 claims against various public and private individuals and governmental entities, again resulting from his state court domestic proceedings. Acting *sua sponte*, the district court found it patently obvious that Mr. Collins could not prevail on the facts alleged and dismissed this complaint for failure to state a claim. We recognize that a pro se litigant's pleadings are to be construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the district court's function "to assume the role of advocate for the pro se litigant"; in fact, the district court may dismiss the complaint "sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Id*. (quotation marks and citation omitted).

Here, it is patently obvious Mr. Collins could not prevail on the facts alleged, as his conclusory allegations merely reflect his frustration and reiterate his grievances; they fail to even arguably state a violation of federal rights. Guided by history, we conclude that allowing Mr. Collins to amend his complaint would have been futile and a complete waste of time. In each of the four cases, the district court clearly and patiently explained why Mr. Collins could not bring these types of claims against these types of defendants. The courts should not be

expected to bear "the spurns [t]hat patient merit of th' unworthy takes . . . ."

WILLIAM SHAKESPEARE, HAMLET act 3, sc. 1.  When reason fails, chaos reigns.

As explained, each of Mr. Collins's four appeals are unfounded, unsupported, and without merit.  The district court properly applied the law in dismissing each of these cases.  Therefore, we **AFFIRM**.  Accordingly, all pending motions are denied as moot.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge